United States District Court
District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2005 APR -6 P 12: 54

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
Marie Smyers                          \*
141 Charles Street                    \*
Rochester, NH 03867                   \*
                                      \*
    Plaintiff                    \*
                                      \*
V.                                    \*       Civil Action No.  05-CV-123 JM
                                      \*
UNUM Life Insurance Company           \*
    of America                   \*
2211 Congress Street                  \*
Portland, ME 04122                    \*
                                      \*
    Defendant                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

### PARTIES AND JURISDICTION

1. The Plaintiff, Marie Smyers is a resident of the City of Rochester, County of Strafford, State of New Hampshire.

2. Defendant UNUM Life Insurance Company of America (UNUM) is a Maine corporation licensed to do business in New Hampshire with its principal place of business in Maine.

3. The contract relative to the long term disability plan was made through the employer, Movado Group, Inc (Movado), located in Ontario, Canada.

4. Jurisdiction in this court is appropriate as this matter involves a Federal question pursuant to 29 USC, § 1132.

### FACTS COMMON TO ALL COUNTS

5. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs one through four above as though fully set forth hereat.

6. The Plaintiff was employed by Movado until her disability prevented her from continuing work on October 30th, 2000.



1

7. At all times, relevant hereto, Movado has provided its employees, including the Plaintiff, with employee group benefits underwritten by UNUM Life Insurance Company of America.

8. As part of the employee group insurance benefits plan at Movado, the Plaintiff entered into an insurance contract underwritten by UNUM for short term disability insurance coverage, bearing the policy number 526745 012. (See Exhibit A.)

9. The Plaintiff's contract is a covered plan under 29 USC 1011 et seq., the Employee Retirement and Income Security Act (hereafter ERISA).

10. Due to the progression of her chronic fatigue syndrome and orthopedic condition relating to her ankle, the Plaintiff was no longer able to perform her duties as a retail manager at Movado.

11. The Plaintiff began receiving benefits for her orthopedic condition only on September 18th, 2001. However, benefits were discontinued on September 16th, 2003. On this date, it was determined that she was not disabled as defined in the Plan and was able to perform the duties of a retail manager.

12. The Plaintiff appealed this decision and on March 16th, 2005 was again denied benefits. (See Exhibit B.)

## COUNT 1 – EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) 29 USC, SECTION 1001 et. Seq.

13. The Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs one through twelve, inclusive, as though fully set forth hereat.

14. Pursuant to 29 USC, § 1132(A), a civil action may be brought by a participant or beneficiary of an ERISA qualified plan to recover benefits due him or her under the terms of this plan and/or to enforce his or her rights under the terms of the plan. (See 29 USC, § 1132 (a) (1)(A)(B).)

15. The Plaintiff is an employee and a "participant" pursuant to 29 USC, § 1002 (6), (7) and the Disability Policy under which the Plaintiff was insured was in a "an employee welfare benefit plan" pursuant to 29 USC § 1002 (1).

16. The Plaintiff is clearly due full disability rights pursuant to her ERISA qualified disability benefits plan and the Defendant's denial of said benefits is undertaken in bad faith and contrary to ERISA.

17. All the evidence contained herein and within all medical records clearly show, through objective medical records, that the Plaintiff was disabled as of October 30th, 2000.

18. The Plaintiff hereby requests this Honorable Court order the Defendant to make all payments including past payments, including interests and costs, to Plaintiff under her disability plan and further requests this Honorable Court to award her attorney's fees pursuant to 29 USC, § 1132 (G)(1).

WHEREFORE, Plaintiff prays that this Honorable Court:

    A. Award Plaintiff her disability insurance benefits with interest, payable by Defendant, retroactive to September 16th, 2003 and continuing into the future; and

    B. Award Plaintiff her attorney's fees and costs in having to prosecute this claim; and

    C. Award Plaintiff punitive damages in an amount of $50,000 against the Defendant for its bad faith denial of said insurance disability benefits; and

    D. Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

MARIE SMYERS

By and Through Her Attorney,

ROUNDY LAW OFFICES, P.A.

Dated: April 1, 2005

By: _____
Vicki S. Roundy # 2205
42 Littleworth Road
Dover, NH 03820
(603) 743-4800

3